UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

LOUBERT ALEXANDRE, YVON AUGUSTIN, MAX
CHARTELAIN, WILFRED GERMAIN, CLAUDE
LESSAGE, and JEAN PIERRE, INDIVIDUALLY AS
OWNERS OF YELLOW CAB MEDALLIONS IN THE
CITY OF NEW YORK AND ON BEHALF OF A CLASS
OF ALL OWNERS SIMILARLY SITUATED, AS WELL
AS INDIVIDUALLY, TOGETHER WITH MAMNUNUL
HAQ and ASIM AKHTAR, AS HOLDERS OF HACK
LICENSES IN THE CITY OF NEW YORK AND AS
REPRESENTATIVES ON BEHALF OF A CLASS OF
ALL HOLDERS OF HACK LICENSES IN THE CITY
OF NEW YORK, and the NEW YORK TAXI WORKERS
ALLIANCE,

07 Civ. 8175 (RMB)

**ANSWER**

Plaintiffs,

-against-

THE NEW YORK CITY TAXI AND LIMOUSINE
COMMISSION, MATTHEW DAUS, AS
COMMISSIONER/CHAIR OF THE NEW YORK CITY
TAXI AND LIMOUSINE COMMISSION, AND THE
CITY OF NEW YORK,

Defendants.

------------------------------------------------------------------ x

Defendants, THE NEW YORK CITY TAXI AND LIMOUSINE COMMISSION ("TLC"), MATTHEW DAUS, as Commissioner/Chair of the TLC, and THE CITY OF NEW YORK (the "City"), collectively hereinafter "Defendants", by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Class Action Complaint for Injunctive Relief and Damages (the "complaint"), respectfully allege as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as described therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to proceed as described therein.

3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that the TLC maintains its principal office at 40 Rector Street, New York, New York, and that venue lies in the Southern District of New York.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint, except admit that TLC records reflect that plaintiffs Alexandre, Augustin, Chartelain, Germain, Lessage and Pierre are owners of taxi medallions.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4a" of the complaint, except admit that TLC records reflect that plaintiff Alexandre owns medallion number IT58 and was issued hack license number 48550 as alleged therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4b" of the complaint, except admit that TLC records reflect that plaintiff Augustin owns medallion number 9D79 and was issued hack license number 493637 as alleged therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4c" of the complaint, except admit that TLC records reflect that plaintiff Chartelain owns medallion number 4D54 and was issued hack license number 443468 as alleged therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4d" of the complaint, except admit that TLC records

reflect that plaintiff Germain owns medallion number 5A35 and was issued hack license number 450273 as alleged therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4e" of the complaint, except admit that TLC records reflect that plaintiff Lessage was issued hack license number 459706 as alleged therein, and deny that he owns medallion number 5B54 and aver that TLC records reflect that plaintiff Lessage owns medallion number 5B64.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4f" of the complaint, except admit that TLC records reflect that plaintiff Pierre owns medallion number 6C36 and was issued hack license number 395606 as alleged therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint, except admit that TLC records reflect that plaintiff Haq was issued hack license number 466852, and aver that TLC records do not reflect that plaintiff Haq owns a taxicab.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admit that TLC records reflect that plaintiff Akhtar was issued hack license number 5209653.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff New York Taxi Workers Alliance ("NYTWA") purports to proceed as described in the last sentence therein.

14. Admit the allegations set forth in paragraph "8" of the complaint.

15. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiffs purport to proceed as described therein, and aver that the TLC's Taxi Technology Systems ("TTS") involve four components including capability for: 1) text messaging; 2) credit card processing; 3) electronic trip record generation, involving GPS technology; and, 4) communication with passengers through a Passenger Information Monitor.

16. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiffs purport to proceed as described therein.

17. Deny the allegations set forth in paragraph "11" of the complaint, except admit that plaintiffs purport to proceed as described therein.

18. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiffs purport to proceed as described therein, and aver that the rules establishing the TTS requirements, as amended, became effective on July 12, 2007.

19. Deny the allegations set forth in paragraph "13" of the complaint and aver that TLC records reflect that there are 44,256 hack licenses held as of October 1, 2007.

20. Deny the allegations set forth in paragraph "14" of the complaint.

21. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiffs purport to proceed as described therein.

22. Deny the allegations set forth in paragraph "16" of the complaint.

23. Deny the allegations set forth in the first sentence of paragraph "17" of the complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "17" of the complaint.

24. Deny the allegations set forth in paragraph "18" of the complaint, except admit that plaintiffs purport to proceed as described therein.

25. Deny the allegations set forth in paragraph "19" of the complaint and aver that TLC's rules imposing TTS requirements were promulgated in 2004, with amendments promulgated in 2005 and 2007, which 2007 amendments included the August 1, 2007 deadline by which medallion owners were obligated to contract to procure the TTS equipment and the deadlines beginning on October 1, 2007, by which owners are obligated to install the systems in their taxicabs.

26. Deny the allegations set forth in paragraph "20" of the complaint and aver that TLC issued numerous notifications and reminders to owners about the deadlines for contracting for and installation of the TTS equipment including letters such as the one referenced therein.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

28. Deny the allegations set forth in paragraph "22" of the complaint except admit that plaintiffs Alexandre, Chartelaine, Germain, Lessage, Augustin and Pierre were issued notices of violations due to their failures to meet the August 1, 2007 deadline for entering into contracts to procure the TTS equipment, and hearings were scheduled on those violations which hearings were adjourned.

29. Deny the allegations set forth in paragraph "23" of the complaint and respectfully refer the Court to the TTS rules, 35 Rules of the City of New York ("RCNY") §1.01 *et seq.* for their full content and meaning, and aver that the TTS rules provide the penalties for failure to meet the deadlines for contracting and installation of the TTS equipment of a $250 fine and suspension of medallion until compliance, 35 RCNY §§1-11(g), 1-86.

30. In response to paragraph "25" of the complaint, repeat and reallege the responses set forth in the paragraphs hereinbefore as if fully set forth herein.

31. Deny the allegations set forth in paragraph "26" of the complaint.

32. Deny the allegations set forth in paragraph "27" of the complaint, except admit that the Defendants' actions here challenged were under color of state law, and within official capacities and scope of public employment.

33. In response to paragraph "28" of the complaint, repeat and reallege the responses set forth in the paragraphs hereinbefore as if fully set forth herein.

34. Deny the allegations set forth in paragraph "29" of the complaint.

35. Deny the allegations set forth in paragraph "30" of the complaint, except admit that the Defendants' actions here challenged were under color of state law, and within official capacities and scope of public employment.

36. Deny the allegations set forth in paragraph "31" of the complaint.

37. Deny the allegations set forth in paragraph "32" of the complaint.

38. Deny the allegations set forth in paragraph "33" of the complaint.

39. Deny plaintiffs are entitled to the relief requested in the WHEREFORE clause of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

42. Any actions of defendants complained of herein were in all respects lawful, proper and constitutional.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

43. The plaintiffs lack standing.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

44. Plaintiffs do not meet the requirements set forth in Rule 23 for class certification.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

45. Any claims for damages under state law are barred because plaintiffs failed to comply with Notice of Claim requirements and all other related requirements of New York General Municipal Law §50-e *et seq.* and New York City Administrative Code §7-201.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

46. Any damages sustained by plaintiffs resulted from plaintiffs' own culpable conduct.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

47. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

48.   At all times relevant, Commissioner and Chairman Daus acted within the scope of his employment in a good faith belief that his actions were lawful, proper and constitutional and did not violate any clearly established rights of which a reasonable person would have known at the time.

49.   Consequently, Matthew Daus is immune from liability under the doctrine of qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

50.   Punitive damages are not obtainable as against the City of New York.

Dated:    New York, New York
          October 9, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the City of New York
                    Attorney for the City defendants
                    100 Church Street
                    New York, New York 10007
                    (212) 442-4050

                    By:    PAULA VAN METER