```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LOUBERT ALEXANDRE et. al.,

        Plaintiffs,

- against -

THE NEW YORK CITY TAXI AND LIMOUSINE
COMMISSION et. al.,

        Defendants.

------------------------------------------------------------x

Civil Action No. 07-8175
(RMB) (GWG)

    IT IS HEREBY STIPULATED between the attorneys for plaintiffs and for defendants that this matter is hereby dismissed with prejudice in accordance with the terms set forth in Exhibit A hereto. Upon approval of this stipulation by the Court, the Court's jurisdiction in this case shall be terminated, and the terms set forth in Exhibit A shall not be enforceable in this action, nor shall such terms constitute the basis for any cause of action in any Court.

Dated: New York, N.Y.
       March 13, 2008

KOEHLER & ISAACS, LLP

By: _____
    Malcolm A. Goldstein
    (MAG 4602)

61 Broadway, 25th Floor
New York, New York 10006
(917) 551-1330

Attorneys for Plaintiffs

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York

By: _____
    Paula Van Meter (PV 0076)

100 Church Street, Room 5-171
New York, New York 10007
(212) 442-4050

Attorneys for Defendants

SO ORDERED:

*RMB*
_____
    U.S.D.J.
3/13/08

EXHIBIT A
SETTLEMENT AGREEMENT

AGREEMENT made this /3ᵗʰ day of March, 2008 by and between Koehler & Isaacs, attorneys for all plaintiffs and Michael Cardozo, Corporation Counsel of the City of New York, attorney for all defendants;

WHEREAS, defendant Taxi and Limousine Commission (hereinafter "TLC") has entered into Master Agreements with four vendors: Digital Dispatch Systems, Inc., Mobile Knowledge Corp., Taxi Technology Corp. and Verifone Transportation Systems, Inc., d/b/a Taxitronic to provide, install and maintain equipment to perform the functions identified by TLC as the "Taxi Technology System" (such functions hereinafter collectively referred to "TTS" and such vendors collectively referred to as "Vendors");

WHEREAS, plaintiffs have filed the instant action in the Southern District of New York against defendants claiming that implementation of these Master Agreements with the Vendors violated certain of their Constitutional rights pursuant to the Fourth, Fifth and Fourteenth Amendments of the Federal Constitution under 42 U.S.C. §1983, and Articles I §6 and I §12 of the New York State Constitution;

WHEREAS, defendants have denied all of the allegations made by plaintiffs in this action, denied any violations of law, and maintain that the TTS requirements are intended to serve and benefit the public;

WHEREAS, the Court made a preliminary determination not to enjoin the implementation of TTS on the date mandated by TLC; and,

WHEREAS, the parties have determined that the discontinuance of this lawsuit without



further litigation is desirable;

NOW THEREFORE, the parties have mutually agreed to the following terms and conditions in full settlement of the litigation;

1. All plaintiffs withdraw with prejudice the instant action against all defendants;

2. All plaintiffs and their attorneys, and defendants and their attorneys agree that there will be no application for attorneys' fees and/or costs, and each side will bear its own costs and fees, including attorneys' fees;

3. Defendants retain all rights and obligations to pursue lawful regulation and enforcement of all rules and regulations in the normal course, and will not take any enforcement action based solely upon information about any violation disclosed or adduced in the course of the litigation; provided, should such violation occur after the date of this agreement and be discovered in the normal course of regulation and enforcement, defendants may utilize any information obtained in the course of the litigation in addition to independent evidence of such violation only as proof of such (post-settlement) violation. Plaintiffs shall promptly return to defendants all discovery material produced by defendants to plaintiffs, including any and all copies thereof, and shall not disseminate any such materials to any third parties;

4. Defendant TLC, as part of its ongoing implementation of its contracts with the Vendors, will make reasonable effort to enforce provisions of those contracts to require that the Vendors make electronic trip sheet information available to drivers and to maintain a telephone "help-line" and twenty-four hour help desk to assist drivers;

5. Defendant TLC will make its records available to plaintiff NYTWA as it does to all members of the public generally, including aggregate data that TLC collects from the Vendors about the function and results of the TTS technology; and,



6.  The Stipulation of Settlement, when so-ordered, shall cause this action to be dismissed with prejudice and upon so-ordering, this Court's jurisdiction over the action and this Stipulation of Settlement is terminated.

| | |
|---|---|
| KOEHLER & ISAACS, LLP | MICHAEL A. CARDOZO<br>Corporation Counsel of the<br>City of New York |
| By: *[signature]*<br>Malcolm A. Goldstein<br>(MAG 4602) | By: *[signature]*<br>Paula Van Meter (PV 0076) |
| 61 Broadway, 25th Floor<br>New York, New York 10006<br>(917) 551-1330 | 100 Church Street, Room 5-171<br>New York, New York 10007<br>(212) 442-4050 |
| Attorneys for Plaintiffs | Attorneys for Defendants |

SO ORDERED

RMB
───────
U.S.D.J.
3/13/08

- 4 -